UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL CURRY, | No. C 09-3751 MHP (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| R. MORRING; et al., | |
| Defendants. | |

## INTRODUCTION

Terrell Curry, an inmate at Centinela State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

Curry alleges the following in his complaint about conditions of confinement at Salinas Valley State Prison, where he previously was incarcerated:

On December 23, 2008, Curry was released late to attend religious worship service by correctional officer T. Wolff in retaliation for his litigation and inmate grievance activities. On December 30, 2008, correctional officer R. Morring intentionally refused to release Curry for his religious service in retaliation for Curry's litigation and grievance activities. Curry also alleges that, on December 23 and 30, 2008, defendants T. Wolff, R. Morring, E. K. Jones, M. Kircher, and R. Fritz imposed a substantial burden on his religious exercise by interfering with his attendance at religious services.

Curry had chronic diarrhea for which he had a chrono that stated he was to be given "unlimite[d] flushing" of his toilet, "bathroom access," and "extra roll toilet paper" for twelve months starting in June 2008. Docket # 1, p. 19. On December 13, 2008, while he was on the exercise yard, he felt the need to defecate and asked to return to his cell to use his toilet which had toilet paper. There was a toilet on the exercise yard but Curry deemed it unuseable because it was filthy and had no toilet paper. Correctional officer R. Morring allegedly refused to allow Curry immediate access to a clean toilet with toilet paper in retaliation for Curry's litigation and grievance activities. Correctional officers E. Santana, R. Morring, Rubio and Martinez allegedly were deliberately indifferent to his known medical need by failing to grant his requests for immediate access to a useable toilet with toilet paper (for which he presented the chrono). As a result, he defecated in his pants and had to wait until the end of the yard period to return to his cell to clean himself and change clothes.

On August 12, 2007, defendant R. Morring and M. Garcia intentionally deprived Curry of his personal property without giving him written notice.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In order to establish a violation of the Free Exercise Clause of the First Amendment's right to freedom of religion, a prisoner must show a defendant burdened the practice of his

religion without any justification reasonably related to legitimate penological interests. See Shakur v. Schriro, 514 F.3d 878, 883-84 (9th Cir. 2008). For a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, the plaintiff-prisoner must show that the government has imposed a substantial burden on his religious exercise. Construing the allegations of the pro se pleading liberally, as the court must, it appears that Curry has stated cognizable claims under the First Amendment and under RLUIPA based on the interference with his religious rituals on December 23 and 30, 2008. He has adequately linked defendants Wolff, Morring, Jones, Kircher and Fritz to his First Amendment and RLUIPA claims.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Liberally construed, the allegations that defendant Wolff took adverse action in retaliation on December 23, 2008, and that defendant Morring took adverse actions in retaliation on December 13 and 30, 2008, state cognizable § 1983 retaliation claims against defendants Wolff and Morring. (As discussed below, there is no Eighth Amendment claim for the denial of access to the toilet incident on December 13; however, defendant Morring may still have liability for retaliation based on the incident because retaliatory conduct need not be an independently actionable constitutional violation. See Vignolo v. Miller, 120 F.3d 1075, 1078 (9th Cir. 1997) (discharge from prison job for refusal to waive constitutional right states claim despite no constitutional right to prison job).)

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 102-04 (1976). To prove that the response of prison officials to a prisoner's medical needs was constitutionally deficient, the prisoner must establish (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974

3

F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Curry alleges that several correctional officers were deliberately indifferent to a serious medical need when they did not allow him to leave the exercise yard and return to his cell to use a toilet with toilet paper.  As a result, he alleges, he defecated on himself in the yard and had to wait for the end of the yard period to return to the housing unit to clean himself and change clothes.  At the time, there was a toilet available on the yard, but he chose not to use it because it was filthy and had no toilet paper.  Filthy toilets are not confined to prisons; they are a not uncommon reality in public restrooms used by large crowds and can be used without being physically touched.  The doctor's order he allegedly showed defendants does not command immediate access to a clean toilet with toilet paper and instead states that Curry was to be given "unlimite[d] flushing" of the toilet, "bathroom access," and "extra roll toilet paper" for twelve months starting in June 2008.  Docket # 1, p. 19.  Even with liberal construction, the allegations of the complaint and attached declaration do not state an Eighth Amendment claim.  The situation, while doubtless unpleasant and perhaps an affront to his personal dignity, simply did not amount to a constitutional violation, as both the objective and subjective prongs are lacking.  The need for a clean toilet with toilet paper was not an objectively serious medical need.  In light of the availability of a toilet on the yard – even accepting that defendants were aware of the doctor's order -- the defendants' alleged refusal to let plaintiff off the yard to use the toilet in his cell that had toilet paper available did not amount to deliberate indifference to a serious medical need.  Further, the fact that he had to wait until the end of the yard period to return to his cell to change his soiled clothes does not violate the Eighth Amendment; diapered children throughout the free world routinely exist in essentially the same situation without condemnation of their care-givers.  The claim fails on both prongs.  Leave to amend will not be granted because Curry has, through his complaint and attached declaration and exhibits, fully described the problem and it doesn't amount to a constitutional violation.

The allegation that defendants Morring and Garcia took Curry's personal property on

4

August 12, 2007 without providing him written notice does not state a claim for a violation of his Fourteenth Amendment right to due process. Allegations that a plaintiff has been deprived of his property negligently or intentionally without a pre-deprivation hearing do not state a due process claim under § 1983 if the deprivation was random and unauthorized, see Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property), because California provides an adequate state post-deprivation remedy, see Zinermon v. Burch, 494 U.S. 113, 128-29 (1990) (where state cannot foresee and therefore provide meaningful hearing prior to deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). The allegations in the complaint indicate random and unauthorized deprivations of personal property, but that kind of conduct does not amount to a violation of any federal constitutional right. The claim is dismissed without prejudice to plaintiff filing an action in state court about his personal property loss.

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff has stated cognizable § 1983 claims for against defendants R. Morring and T. Wolff for retaliation, and against defendants R. Morring, T. Wolff, M. Kircher, E. K. Jones, and R. Fritz for interference with plaintiff's First Amendment religious freedom and RLUIPA rights. All other claims and defendants are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint and this order upon the following individuals, all of whom apparently are employed on the correctional staff at Salinas Valley State Prison:

- correctional officer R. Morring
- correctional officer T. Wolff
- correctional sergeant E. K. Jones

      - correctional sergeant M. Kircher
      - correctional lieutenant R. Fritz

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **November 19, 2010**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **December 30, 2010**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

Plaintiff also should take note that a defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the termination of the action. The plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir.

1  2003).

2          c.    If defendants wish to file a reply brief, they must file and serve the reply
3  brief no later than **January 14, 2011**.

4      4.    All communications by plaintiff with the court must be served on a defendant's
5  counsel by mailing a true copy of the document to defendant's counsel.  The court may
6  disregard any document which a party files but fails to send a copy of to his opponent.  Until
7  a defendant's counsel has been designated, plaintiff may mail a true copy of the document
8  directly to defendant, but once a defendant is represented by counsel, all documents must be
9  mailed to counsel rather than directly to that defendant.

10      5.    Discovery may be taken in accordance with the Federal Rules of Civil
11  Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local
12  Rule 16-1 is required before the parties may conduct discovery.

13      6.    Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep
14  the court informed of any change of address and must comply with the court's orders in a
15  timely fashion.  Failure to do so may result in the dismissal of this action for failure to
16  prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff is cautioned that he
17  must include the case name and case number for this case on any document he submits to this
18  court for consideration in this case.

19  IT IS SO ORDERED.

20  Dated: September  1 , 2010

                                                            Marilyn Hall Patel
                                                            United States District Judge

**United States District Court**
**For the Northern District of California**